UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/18/2026
```

--------------------------------------------------------------------- X
                    :

ELSON T. ALEXANDER,           :

                    :

          Petitioner,  :         1:26-cv-1952-GHW

                    :

        -v-           :          ORDER

                    :

DHS/ICE,                :

                    :

          Respondents.  :

                    :

--------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 10, 2026, Petitioner Elson T. Alexander, through next friend Rhonell Alexander, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition alleges that Petitioner was taken into immigration custody on February 2, 2026. Pet. ¶ 11. According to Respondents, Petitioner received a bond hearing before an immigration judge on March 4, 2026. Dkt. No. 8. At that bond hearing, the immigration judge denied Petitioner release upon a determination that Petitioner presents a danger to the community. *Id.*; Pet. ¶ 13 . Petitioner's deadline to file an appeal of that decision to the Board of Immigration Appeals ("BIA") is April 3, 2026. Dkt. No. 8. The habeas petition appears to principally challenge the immigration judge's bond decision and asks this Court to "order the immigration judge/DHS to release me with minimal bond or on my own recognizance." Pet. ¶¶ 13, 15.

The U.S. Department of Homeland Security ("DHS") has the discretionary authority to detain a noncitizen pending removal proceedings. *See* 8 U.S.C. § 1226(a). After DHS makes an initial detention decision, a noncitizen detained under 8 U.S.C. § 1226(a) has the right to request a bond hearing before an Immigration Judge. *See* 8 C.F.R. §§ 1236.1(c)(8), 1236.1(d)(1). If, after the bond hearing, the Immigration Judge concludes that the noncitizen should not be released, the

noncitizen may appeal that decision to the BIA within 30 days of the order. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3).

"Under the doctrine of exhaustion of administrative remedies, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995). "While 28 U.S.C. § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus." *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018); *see also, e.g.*, *Monterosa v. Decker*, No. 20 Civ. 2653 (MKV), 2020 WL 1847771, at *4 (S.D.N.Y. Apr. 11, 2020) ("While there is no statutory jurisdictional bar to review, courts regularly require, as a prudential matter, that a detainee exhaust administrative remedies to challenge detention or bond decisions before the Court will exercise any jurisdiction over the case."); *Garcia v. Decker*, No. 18 Civ. 3840 (AT), 2018 WL 2849743, at *1 (S.D.N.Y. June 7, 2018) (denying habeas petition because noncitizen failed to exhaust available administrative remedies through appeal to the BIA); *Gaitan v. Decker*, No. 17 Civ. 5690 (WHP), 2018 WL 740996, at *3-4 (S.D.N.Y. Feb. 7, 2018) (dismissing unexhausted habeas petition without prejudice; noncitizen "may file a second habeas petition if he disagrees with the BIA's determination at the conclusion of the administrative process"); *Bogle v. DuBois*, 236 F. Supp. 3d 820, 823 (S.D.N.Y. 2017) ("Seeking habeas relief before appealing [an IJ's denial of bond] to the BIA is an 'improper' 'short cut.' The proper procedure is to seek relief from the BIA and then, if the IJ is affirmed, file a habeas petition." (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011))); *Paz Nativi v. Shanahan*, No. 16 Civ. 8496 (JPO), 2017 WL 281751, at *2 (S.D.N.Y. Jan. 23, 2017) ("Numerous cases in this District have applied this prudential exhaustion requirement to defer decision on habeas petitions where a BIA appeal of a bond determination is pending."); *Palaniandi v. Jones*, No. 15 Civ. 4021 (RA), 2016 WL 1459607, at

2

*1–2 (S.D.N.Y. Mar. 10, 2016) ("Petitioner's remedy lies with the BIA, to which he has already filed an appeal. Should the BIA affirm [the immigration judge's] decision, Petitioner may seek appropriate judicial review at that time.").

Judicially imposed exhaustion requirements may be excused in certain narrow circumstances, such as when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). "Exhaustion is the rule, waiver the exception." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992).

Petitioner has not yet exhausted his available administrative remedies through an appeal of the Immigration Judge's bond decision to the BIA, and his Petition does not address whether exhaustion should be excused in this case. Accordingly, Petitioner is ORDERED TO SHOW CAUSE by April 8, 2026, why his habeas petition should not be denied for failure to exhaust administrative remedies.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and next friend, Rhonell Alexander.

SO ORDERED.

Dated:  March 18, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

3